UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY EUGENE HUBEL,

    Petitioner,                                                Civil Action No. 18-CV-11118

vs.                                                      HON. BERNARD A. FRIEDMAN

LES PARISH,

    Respondent.

_____/

## OPINION AND ORDER HOLDING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct. Petitioner has also filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts where he is attempting to exhaust several of the claims contained in his petition. For cause shown, the Court shall hold the petition in abeyance and stay the proceedings under the terms outlined below. The Court shall also administratively close the case.

In the instant application, petitioner argues (1) he was denied his right to confrontation by the admission of hearsay testimony concerning crime laboratory evidence, (2) he was denied a fair trial by the admission of 404(b) evidence, (3) he was denied the effective assistance of trial and appellate counsel, and (4) his mandatory minimum 25-year sentence is unconstitutional. Petitioner also appears to raise the claim that he raised in his motion for re-sentencing, namely, that the scoring of his sentencing guidelines violated his Sixth Amendment right to a jury trial. Petitioner concedes that he failed to exhaust his ineffective assistance of counsel claim, his claim that the mandatory minimum sentence is unconstitutional, and the claim regarding

the scoring of his sentencing guidelines.

A prisoner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c). A federal district court should generally dismiss a habeas petition that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509 (1982). However, the Court may hold a habeas petition in abeyance while petitioner exhausts any such claims if there is good cause for the failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). The Court believes this standard is met in the present case. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state applications for post-conviction review. This tolling is conditioned upon petitioner re-filing his habeas petition within sixty (60) days after the conclusion of all state court post-conviction proceeding in the state courts. Failure to comply with this condition of the stay may result in the dismissal of his habeas petition.

IT IS FURTHER ORDERED that the Clerk of Court close this case for statistical purposes only. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court shall reopen this case.


Dated: May 11, 2018                      s/Bernard A. Friedman
Detroit, Michigan                 BERNARD A. FRIEDMAN
                                         SENIOR UNITED STATES DISTRICT JUDGE

**CER TIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 11, 2018.

                                                                               s/Johnetta M. Curry-Williams
                                                                               Case Manager