UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY EUGENE HUBEL,
#952520,

    Petitioner,                                                     Civil Action No. 18-CV-11118

vs.                                                                    HON. BERNARD A. FRIEDMAN

LESTER PARISH,

    Respondent.
_____/

### OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner in this matter has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first degree criminal sexual conduct. For the reasons stated below, the Court shall deny the application.

Petitioner was convicted following a jury trial in Oakland County Circuit Court. His conviction was affirmed on appeal. *See People v. Hubel*, No. 325901, 2016 WL 3462251 (Mich. Ct. App. June 23, 2016), *lv. den*. 500 Mich. 959, 891 N.W.2d 857 (2017). He then filed a motion in the trial court for re-sentencing, which was denied. *See People v. Hubel*, No. 2014-250227-FC (Oakland Cty.Cir.Ct., Nov. 29, 2017). In 2018, the Court stayed proceedings in the instant habeas matter so that petitioner could exhaust certain claims in the state courts. After he did so, the Court reinstated his petition.

Petitioner seeks relief on grounds that (1) he was denied his right to confrontation by the admission of hearsay testimony concerning crime laboratory evidence, (2) he was denied a fair trial by the admission of 404(b) evidence, (3) he was denied the effective assistance of trial and

appellate counsel, and (4) his mandatory minimum twenty-five year sentence is unconstitutional because the scoring of his sentencing guidelines violated his Sixth Amendment right to a jury trial.

Respondent argues that all of petitioner's claims are procedurally defaulted. When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, the Court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent argues that petitioner's first claim involving the alleged violation of the Confrontation Clause is procedurally defaulted because petitioner failed to preserve the issue by objecting at trial and, as a result, the Michigan Court of Appeals reviewed the claim only for plain error. *People v. Hubel*, 2016 WL 3462251, at *1. The Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved this claim. The Michigan Court of Appeals' review of petitioner's claim for plain error indicates that court's intention to enforce of the procedural default. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Respondent argues that petitioner's second claim involving the admission of other acts evidence is procedurally defaulted because petitioner's trial counsel waived the issue by conceding that evidence of the prior bad act was admissible under Mich. Comp. Laws § 768.27a. *People v. Hubel*, 2016 WL 3462251, at *2. When a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, appellate review of the issue is waived. *See People v. Carter*, 462 Mich. 206, 219; 612 N.W. 2d 144 (2000). A state court's conclusion that an issue has been waived is considered a procedural default. *See Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012). Because the Michigan Court of Appeals relied on counsel's concession that the prior bad acts testimony was admissible when it rejected petitioner's second claim, the issue is procedurally defaulted. *See McKissic v. Birkett*, 200 F. App'x 463, 470-71 (6th Cir. 2006).

Respondent argues that petitioner's fourth claim alleging an error with his sentence is procedurally defaulted because petitioner raised this claim in his post-conviction motion and the trial court rejected the claim because petitioner failed to show good cause for failing to raise the claim on his appeal of right, as required by MCR 6.508(D)(3). That state court rule provides that a court may not grant post-conviction relief to a defendant if the motion for relief from judgment alleges grounds for relief that could have been raised on direct appeal, absent a showing of cause and prejudice.

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the grounds that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Hubel*, 503 Mich. at 914. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Hubel*, No. 342579

3

(Mich. Ct. App. June 12, 2018). Because these form orders are ambiguous as to whether they denied relief due to procedural default or on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In rejecting petitioner's post-conviction motion, the trial judge quoted MCR 6.508(D), including the "cause and prejudice" standard of MCR 6.508(D)(3). *See People v. Hubel*, No. 2014-250227-FC, *1-2 (Oakland Cty. Cir. Ct., Nov. 29, 2017). She indicated that petitioner was not entitled to relief on his sentencing claim because he failed to show good cause for not raising that claim on his direct appeal. *Id.* at *2. This suffices to invoke the procedural bar contained in MCR 6.508(D)(3). *See Friday v. Pitcher*, 99 F. App'x 568, 574 (6th Cir. 2004). Therefore, petitioner's fourth claim is procedurally defaulted.

Respondent contends that petitioner's ineffective claims are procedurally defaulted because he never exhausted these claims. The Court agrees. A review of his briefs on his direct appeal and his post-conviction motion and appeal show that petitioner never raised any ineffective assistance claims in the state courts. *See* ECF 12-7, Page ID. 737-61, ECF 12-8, Page ID. 821-34, ECF 12-9, Page ID. 846-83, 889-904, ECF 12-10, Page ID. 953-57. Petitioner has therefore failed to exhaust his third claim with the state courts.

Nor has petitioner shown cause to excuse his default with respect to his third claim. While ineffective assistance of appellate counsel might excuse his failure to raise his ineffective assistance of counsel claims on his direct appeal, it does not excuse his own failure to exhaust his ineffective assistance of counsel claims in his post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 F. App'x at 784.

4

Likewise, petitioner has offered no reason for failing to preserve his first or second claims at the trial level or for failing to raise his fourth claim on his appeal of right. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, an ineffective assistance of counsel claim that is asserted as cause to excuse another procedurally defaulted claim can itself be procedurally defaulted, and unless petitioner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000). In the present case, petitioner has not explained why he failed to exhaust his ineffective assistance of counsel claims with the Michigan courts. Because petitioner has failed to advance any cause and prejudice argument in connection with his defaulted ineffective assistance of counsel claims, his ineffective assistance of counsel claims cannot be used to establish cause for his remaining procedurally defaulted claims. *See also Coleman v. Mitchell*, 268 F.3d 417, 432 (6th Cir. 2001).

Because petitioner has not demonstrated cause for his procedural default, the Court need not address the prejudice issue. *Smith*, 477 U.S. at 533; *Rowls v. Jamrog*, 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002).

Finally, petitioner has not presented any new, reliable evidence to support any assertion of innocence which would allow the Court to consider his claims despite the procedural default. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002).

For these reasons,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

5

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because any appeal in this matter would be frivolous.

|  |  |
|---|---|
| Dated: December 13, 2019<br>Detroit, Michigan | s/Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 13, 2019.

| | |
|---|---|
| Timothy Eugene Hubel, #952520<br>Kinross Correctional Facility<br>4533 W. Industrial Park Drive<br>Kincheloe, MI 49786 | s/Johnetta M. Curry-Williams<br>Case Manager |